RECEIVED

JAN 0 5 2023

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

### PETITION UNDER 28 USC § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Third | |
|---|---|---|
| Name (under which you were convicted)<br>RONALD JAMES TAYLOR | Prison No<br>6378301 | Criminal Case No<br>FECR041280 |

**Place of Confinement:**
**Newton Correctional Facility, P.O. Box 218 Newton, Iowa 50208**

| Name of Petitioner<br>RONALD JAMES TAYLOR | V. | Name of Respondent<br>STATE OF IOWA |
|---|---|---|

**Attorney General of the State of Iowa: Thomas J. Miller:**

#### Petition

1. (a) Name and location of court that entered the judgment of conviction you are

   challenging: Buena Vista District Court 215 E.5th, Street, Storm Lake, Iowa 50588

   (b) Criminal docket or case number: FECR041280

2. (a) Date of judgment of conviction: <u>July 30, 2012</u>

   (b) Date of sentencing: <u>July 30, 2012</u>

3. Length of sentence: two ten year sentences to run concurrent with credit for two hundred

   and seventy-one (271) days' time served.

4. In this case, were you convicted on more than one count or of more than one crime?

   "Yes, the Defendant was convicted of two counts of class C felonies. And the Court

   Ordered the two ten-year sentence to be ran concurrently."

5. Identify all crimes of which you were convicted and sentenced in this case:

   Two counts of lascivious acts with a minor.

6. (a) What was your plea? "Nolo contendere."

   (b) If you entered a guilty plea to one count or charge and not guilty plea to another count

      or charge, what did you plead guilty to and what did you plead not guilty to? "N/A"

   (c) If you went to trial, what kind of trial did you have? "N/A"

Taylor #6378301

7. Did you testify at a pretrial hearing, or a post-trial hearing? "No"

8. Did you appeal from the judgment of conviction? "Yes"

9. If you did appeal, answer the following:

   a) Name of Court: "Iowa Supreme Court of Appeals."

   b) Docket or Case Number S. Ct. 3-305/12-1416 (Notice of Appeal July 30, 2012)

   c) Result: That appeal was dismissed based upon the conclusion that there was not a
      final ruling as the matter of restitution was reserved for further research relative to
      that issue.

   d) Date of result: April 24, 2013

   e) Citation to the case: State v. Taylor, 2013 WL 1759929 (Iowa App. 2013)

   f) Grounds Raised: Restitution.

   g) Did you seek further review by a higher court? N/A

   h) A restitution hearing was held August 12, 2013, and a final ruling entered August 19,
      2013. A second notice of appeal was filed on behalf of Defendant.

   a) Name of Court: Iowa Supreme Court of appeals.

   b) Docket or Case Number: S.Ct.13-1431

   c) Result: The Appellate Court found there was no longer jurisdiction to consider the
      material issues raised by appellate counsel. Hence, the defendant was denied his
      opportunity to challenge the separate rulings denying his Motion to Withdraw his
      Alford plea and Motion in arrest of Judgement.

   d) Date of Result: December 3, 2014

   e) Citation to the case: Unknown

Taylor #6378301

f) Grounds Raised: Appellate counsel failure to challenge the trial Court's denial of defendant's Motion to Withdraw guilty pleas and the Motion in Arrest of judgment: Whether the District Court abused its discretion in denying the Motion: Appellant also asserted that his plea was coerced by the threats of the prosecutors: The Applicant's attempt to withdraw the plea was made within two weeks of the plea-taking, well before sentencing, and the claim of coercion was made at that time:

g) Did you seek further review by a higher state court? No.

   If yes, answer the follow: N/A

h) Did you file a petition of certiorari in the United States Supreme Court? No.

   If yes, answer the following: N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motion concerning this judgment of conviction in any state court? Yes.

11. If your answer to Question 10 was "yes" give the following information:

   a) Name of Court: Buena Vista District Court

   b) Docket or Case No. FECR041280

   c) Date of filing: <u>March 30, 2012</u>

   d) Nature of the proceedings: **<u>Motion to Withdraw Alford Plea.</u>**

   e) Grounds raised: The State prosecution exceed their boundaries by engaging in prosecutorial by using coercion to leverage Taylor into accepting an Alford plea.

   f) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes. There was a hearing held. However, no evidence was presented. Transcript of proceedings for Motion to Withdraw Alford Plea was held on May 2, 2012.

Taylor #6378301

g) Result: Honorable Judge Duffy wrote. The Defendant has the burden of proof on the pending motion. The Defendant did not offer any evidence to support his motion for leave to withdraw his guilty pleas." Therefore, the Motion was denied.

h) Date of result: May 3 2012

12. If you filed any second petition, application, or motion, give the same information:

a) Name of Court: Buena Vista District Court

b) Docket or Case No. FECR041280

c) Date of filing: April 9, 2012

d) Nature of the proceedings: **Motion in Arrest of Judgment.**

e) Grounds raised: The State prosecution exceed their boundaries by engaging in prosecutorial by using coercion to leverage Taylor into accepting an Alford plea. Taylor however, asserts an actual claim of innocence.

f) Did you receive a hearing where evidence was given on you petition, application, or motion? Yes. A hearing was held on May 14, 2012. Some relevant evidence was provided during this hearing.

g) Result: The Honorable Judge Carr denied the Motion.

h) Date of Result: July 12, 2012

13. If you filed any third petition, application, or motion, give the same information:

a) Name of Court: Buena Vista District Court

b) Docket or Case Number: FECR041280

c) Date Filing: August 12, 2013

d) Nature of the proceeding: **Motion for Reconsideration.**

Taylor #6378301

e) Grounds Raised: The State prosecution exceed their boundaries by engaging in prosecutorial by using coercion to leverage Taylor into accepting an Alford plea: Trial counsel Mr. Williams was informed by Mr. and Mrs. Taylor on March 15, 2012 that the State's offer constituted a threat: Trial counsel coerced Taylor into signing the plea agreement on March 16, 2012 the day after the plea taking hearing: And Taylor however, asserts an actual claim of innocence.

f) Did you receive a hearing where evidence was given on your petition, application or motion? "No"

g) Result: Honorable Jude Duffy denied the Motion.

h) Date of result: Unknown.

14. If you filed any forth petition, application, or motion, give the same information:

a) Name of Court: Buena Vista District Court.

b) Docket or Case Number: PCCV028348

c) Date Filing: April 15, 2013

d) Nature of the proceeding: **Post-Conviction Relief.** (#1)

e) Grounds Raised: Applicant was denied effective Assistance of counsel: failures to adequately advise defendant of his rights and the consequences of entering an Alford plea: Failure to ensure that the Alford plea was entered knowing and voluntarily: improperly advising the defendant that he would be able to withdraw his Alford plea: Failure to present sufficient evidence to support of the Motion in Arrest of Judgment: Failure to adequately investigate and prepare for trial, including failure to follow through with testing of relevant evidence in a timely manner. Also, support for

Taylor #6378301

Petition comes from the fact that voir dire revealed a juror Daniel Bonham who may

have potentially had relevant testimony to provide in this matter. Additionally,

Applicant's initial appellate counsel was ineffective for failing to preserve error

regarding the court's refusal to grant Taylor's Motion to Withdraw his guilty plea and

Motion in Arrest of Judgment.

f)  Did you receive a hearing where evidence was given on your petition, application or
    motion? Yes.

g)  Result: The Honorable Judge Peterson denied the Application.

h)  Date of result: August 28, 2015

15. If you filed any fifth petition, application, or motion, give the same information:

a)  Name of Court: Buena Vista District Court

b)  Docket or Case Number. PCCV031579

c)  Date of filing: September 20, 2017

d)  Nature of the proceeding: Post-Conviction Relief. (#2)

e)  Grounds Raised: Appellate counsel was ineffective for failing to seek further review.

    The State engaged in prosecutorial misconduct by using coercion to leverage Taylor

    into entering two Alford pleas. Trial counsel failed for not thoroughly investigating

    the basis for the threats of the alleged charge. Taylor however, asserts an actual claim

    of innocence: failure of trial counsel Williams to adequately advise defendant of his

    rights and the consequences of entering an Alford plea: failure to ensure that the

    Alford plea was entered knowing and voluntarily: failure to present sufficient

Taylor #6378301

evidence to support of the motion in Arrest of Judgment: failure to adequately investigate and prepare for trial.

f) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes.

g) Result: The Honorable Judge Courtney stated that the court finds that Mr. Williams did not fail to perform essential duty. Therefore, the Court also finds that no prejudice could have resulted because trial counsel Williams did not fail to perform an essential duty. Accordingly, Applicant's application for post-conviction relief is Denied.

8) Date of Result: February 28, 2020

16. If you filed any Seventh petition, application, or motion, give the same information.

a) Name of Court: Buena Vista District Court.

b) Docket or Case No. PCCV031785

c) Date of Filing: January 8, 2018

d) Nature of proceedings Post-Conviction Relief. (3)

e) Grounds Raised: The State engaged in prosecutorial misconduct by using coercion to leverage Taylor into entering two Alford pleas. Trial counsel failed for not thoroughly investigating the basis for the threats of the alleged charge. Taylor however, asserts an actual claim of innocence: failure of trial counsel Williams to adequately advise defendant of his rights and the consequences of entering an Alford plea: failure to ensure that the Alford plea was entered knowing and voluntarily: failure to present sufficient evidence to support of the motion in Arrest of Judgment: failure to adequately investigate and prepare for trial, including failure to follow through with testing of relevant evidence in a timely manner:

Taylor #6378301

f)   Did you receive a hearing where evidence was given on your petition, application or motion? No.

g)   Result: The Honorable Judge Peterson dismissed the application.

h)   Date of result: January 12, 2018

17. If you filed any Eighth petition, application, or motion give the same information.

a)   Name of Court: Buena Vista District Court

b)   Docket or Case No. PCCV033452

c)   Date of filing: March 17, 2020

d)   Nature of Proceeding: Post Conviction Relief. (4)

e)   Grounds Raised: The State engaged in prosecutorial misconduct by using coercion to leverage Taylor into entering two Alford pleas. Trial counsel failed for not thoroughly investigating the basis for the threats of the alleged charge. Taylor however, asserts an actual claim of innocence: failure of trial counsel Williams to adequately advise defendant of his rights and the consequences of entering an Alford plea: failure to ensure that the Alford plea was entered knowing and voluntarily: failure to present sufficient evidence to support of the motion in Arrest of Judgment: failure to adequately investigate and prepare for trial, including failure to follow through with testing of relevant evidence in a timely manner:

f)   Did you receive a hearing where evidence was given on your petition, application, or motion? No.

g)   Result: The District Court dismissed the application claiming that Taylor was time barred.

h)   Date of Result: October 14, 2020

Taylor #6378301

18. If you filed any Ninth petition, application, or motion, give the same information:

    a) Name of Court: Buena Vista District Court

    b) Nature of the proceeding: **Post-Conviction Relief.** (5)

    c) Date of filing: May 17, 2021

    d) Docket or Case No. PCCV034098

    e) Grounds Raised: Appellate counsel was ineffective for failing to seek further review. The State engaged in prosecutorial misconduct by using coercion to leverage Taylor into entering two Alford pleas. Trial counsel failed for not thoroughly investigating the basis for the threats of the alleged charge. Taylor however, asserts an actual claim of innocence: failure of Trial Counsel Williams to adequately advise defendant of his rights and the consequences of entering an Alford plea: failure to ensure that the Alford plea was entered knowing and voluntarily: failure to present sufficient evidence to support of the motion in Arrest of Judgment: failure to adequately investigate and prepare for trial, including failure to follow through with testing of relevant evidence in a timely manner:

    f) Did you receive a hearing where evidence was given on your petition, application, or motion? "No"

    g) Result: The District Court dismissed the application

    h) Date of Result: December 10, 2021

19. Did you appeal to the highest State Court having jurisdiction over the action taken on your petitions, applications, or motions?

First Petition----------No-----------FECR041280 (Motion to Withdraw)

Second Petition ------No-----------FECR041280 (Arrest of Judgment)

Third Petition --------No-----------FECR041280 (Reconsideration)

Forth Petition --------Yes ----------PCCV028348 (Post-Conviction #1) Appeal S. Ct 15-1493

Fifth Petition ---------No -----------FECR041280 (Writ of Habeas Corpus)

Sixth Petition---------Yes-----------PCCV031579 (Post-Conviction #2) S. Ct.20-0475

Seventh Petition -----No -----------PCCV031785 (Post-Conviction #3) Dismissed

Eighth Petition -------Yes----------PCCV033452 (Post-conviction #4) S. Ct. 20-1388

Ninth Petition --------No-----------PCCV034098 (Post-Conviction #5) Dismissed

If you did not to the highest state court having jurisdiction, explain why you did not: Following

the Motion to Withdraw the Alford pleas trial counsel Mr. Williams indicated that the two

Motion could not be appealed within the Iowa Supreme Court. After the Motion for

Reconsideration the Applicant filed a PCR application PCCV028348 regarding the same issues.

Following the dismissal of the Writ of habeas the Applicant submitted PCR application

PCCV031785 which the court consolidated the Application with PCCV031579 as for

PCCV034098 the Applicant withdrew after PCCV033452 was exhausted.

20. For this petition, state every ground on which you claim that you are being held in
    violation of the constitution, laws, or treaties of the United States. State the facts support
    each grounds.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your
available state court remedies on each ground on which you request action by the federal court.
Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting
additional grounds at a later date.

**Ground One:**

   a. **Sporting FACTS** (Just state the specific facts that support your claim.):

Failure of trial counsel to both adequately advise Taylor of the rights and consequences

of the entry of an Alford plea and ensure that the plea was entered knowingly and

voluntarily: At the time Taylor entered his Alford plea, the jury had already been picked and

the evidentiary portion of the trial was set to commence. The offer at the time included an

indication by the State additional prosecutions would be commenced if Taylor did not accept

the State's offer. Taylor Considered that offer to constitute a threat. Taylor and Taylor's wife

advised trial Counsel Mr. Williams that they believe the plea offer constituted a threat. The

opinion that the offer constituted a threat was conveyed to Mr. Williams by Taylor and his

wife prior to signing the written pleas drafted by Mr. Williams. The signing of the plea and

subsequent in-court proceedings were done pursuant to the recommendation of Mr. Williams.

During the plea-taking colloquy, in reference to the issue of whether any threats had been

made, Taylor was asked whether there were any threats or promises "made by any law

enforcement officer to induce you to enter your plea of guilty." Taylor did not understand

"law enforcement officer" to include the prosecutors who had induced his Alford pleas by

threating additional prosecution if he did not accept the State's offer. based upon Taylor's

belief that his plea was, in fact, induced by a threat, his plea cannot be said to have been

voluntary. Allowing Taylor to plead when he had been told by Taylor that he believed it was

the result of a threat means that Mr. Williams provided ineffective assistance of counsel.

b.  If you did not exhaust your state remedies on Ground One explain why. N/A

c.  Direct appeal of Ground One: N/A

(1) If you appealed from the judgment of conviction, did you raise this issue? N/A

(2) If you did not raise this issue in you direct appeal, explain why? Reserved this issue for

Post-Conviction proceedings.

Taylor #6378301

d. Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction, motion or petition for habeas corpus in a state trial court? Yes.

(2) If your answer to (d)(1) is "yes" state: Iowa

   a) Type of motion, or petition: Post-Conviction Relief. (#1)

   b) Name and location of the court where the motion or petition was filed:

   Buena Vista County District Court, 215 East 5th Street, Storm Lake, Iowa 50588

   c) Docket or Case No. PCCV028348

   d) Result: The district court denied the application

   e) Date of Result: August 28, 2015

(3) Did you receive a hearing on your motion or petition? Yes.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If your answer to Question (d)(4) is "yes" did you raise this issue in the appeal? "Yes.

(6) If your answer to Question (d)(4) is "yes" State: Iowa

   a) Type of motion or petition: Post-Conviction Relief (#1)

   b) Name and location of the court where the appeal was filed:

   Iowa Supreme Court of Appeals 1111 Court Street, Des Moines, Iowa 50319

   c) Docket or case number: S. Ct.15—1493

   d) Result: The Supreme Court of Appeals affirmed the District Court ruling.

   e) Date of Result: October 11, 2016

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: N/A

Taylor #6378301

**Other Remedies**: Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your State remedies on Ground One: N/A

**Ground Two:**

**a. Sporting FACTS** (Just state the specific facts that support your claim.):

Failure of trial Counsel Mr. Williams to present sufficient evidence in support of Taylor's

Motion in Arrest of Judgment and Motion to Withdraw Guilty plea: Defense counsel filed a

Motion to Withdraw Taylor's Alford pleas. At that hearing, no evidence was presented. The

matter was simply presented on the argument of the attorneys. The primary argument Mr.

Williams made was with respect to a federal case law holding that a plea could be withdrawn if it

was fair and just to do so. Yet no facts were presented beyond what was evident in the transcript

of the plea-taking proceeding. Important in the determination of whether it would be fair and just

to allow the applicant to withdraw his plea is whether it was induced by a threat. In part, the

District Court found that Taylor's had failed to prove the pleas were entered as the result of any

threats. Honorable Judge John P. Duffy wrote. "The Defendant has the burden of proof on the

pending motion. Defendant did not offer any evidence to support his Motion for Leave to

Withdraw his Guilty pleas." The lack of evidence presented at the hearing would have prevented

any finding in favor of the Defendant. The only evidence for consideration was the transcript of

the plea-taking and the written pleas. It was only at the hearing on the Motion in Arrest of

Judgment where relevant testimony was presented. Failure to present evidence on behalf of the

Defendant, particularly where the burden fell on the Defendant, constituted ineffective

representation. Such failure deprived Taylor of an opportunity to make an effective argument

that the court should exercise its discretion and allow the pleas to be withdrawn. There is a fair

probability of a different outcome had trial counsel submitted evidence in support of the Motion.

b. If you did not exhaust your state remedies on Ground One, explain why. N/A

c. Direct appeal of Ground Two: N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue? N/A

    (2) If you did not raise this issue in your direct appeal, explain why? Reserved this issue for post-conviction proceedings.

d. Post-Conviction Proceeding:

    (1) Did you raise this issue through a post-conviction, motion, application or petition for habeas corpus in a state court? "Yes"

    (2) If your answer to Question (d)(1) is "yes" state: Iowa

        a) Type of motion, or petition: Post-Conviction Relief. (#1)

        b) Name and location of the court where the application was filed

            Buena Vista County District Court, 215 East 5th Street, Storm Lake, Iowa 50588

        c) Docket or Case No. PCCV028348

        d) Result: The district court denied the application.

        e) Date of Result: February 28, 2020

    (3) Did you receive a hearing on your application? Yes.

    (4) Did you appeal from the denial of your motion or petition? Yes.

    (5) If you answer to Question (d)(4) is "yes" did you raise this issue in your appeal? Yes.

    (6) If your answer to Question (d)(4) "yes" state: Iowa.

        a) Name and location of the court where the appeal was filed:

            Iowa Supreme Court of Appeals 1111 Court Street, Des Moines, Iowa 50319

        b) Docket or case number: S. Ct.15—1493

        c) Date of the court's decision: October 11, 2016.

Taylor #6378301

d)  Result: The Supreme Court of Appeals affirmed the District Court ruling.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not

raise this issue: N/A

**Other Remedies:** describe any other procedures (such as habeas corpus, administrative

remedies, etc) that you have used to exhaust your state remedies on Ground Two. N/A

**Ground Three:**

a.  **Supporting Facts:** (Just state the specific facts that support your claim.):

Trial Counsel Mr. Williams was ineffective in failing to investigate the basis of the

threats for addition charges before allowing Taylor to enter into an Alford plea. The plea

offer from the State in Taylor criminal case was made last-minute on the day of the trial. As

part of the plea agreement, the State agreed not to pursue or file new or additional charges.

However, Trial Counsel did not ask for a continuance and did not try and investigate the

validity of the State's claims of new or additional criminal charges. Further, upon

questioning the local DHS worker, the worker did not have independent recollection

involving Mr. Taylor criminal trial. Therefore, with a little investigation, trial counsel would

have discovered the State's claim of new or additional charges had little to no merit. With the

additional information Taylor would not have entered into an Alford plea.

b.  If you did not exhaust your state remedies on Ground One, explain why. N/A

c.  Direct appeal of Ground Three: N/A

d.  Post-conviction Proceeding:

(1) Did you raise this issue through a post-conviction, motion or petition for habeas corpus in

a state trial court? Yes.

(2) If your answer to Question (d)(1) is "yes," state: Iowa,

   a) Type of motion or petition: Post-Conviction Relief (# 2)

   b) Name and location of the court where the application, motion or petition was filed:

      Buena Vista County District Court. 215 East 5th Street, Storm Lake, Iowa 50588

   c) Docket or Case No. PCCV031579

   d) Date of court's decision: February 20, 2020

   e) Result: The District Court denied the application.

(3) Did you receive a hearing on your motion or petition? Yes.

(4) Did you appeal from the denial of your application, motion or petition? Yes.

(5) If your answer to Question (d)(4) is "yes" did you raise this issue in the appeal? Yes

(6) If your answer to Question (d)(4) is "yes," state: Iowa

   a) Name and location of the court where the appeal was filed:

      Iowa Supreme Court of Appeals: 1111 Court Street. Des Moines, Iowa 50319

   b) Docket or Case No. S Ct. 20-0475

   c) Result: The Iowa Supreme Court affirmed the District court's ruling.

   d) Date of Result:

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

**Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, ect) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

   a.  **Supporting FACTS:** (Just state the specific facts that support your claim.):

The District Court erred in failing to address Taylor's claim of innocence under the Schmidt v. State test in the Court's final ruling. In Schmidt v. State, the Iowa Supreme Court "overruled

Taylor #6378301

its cases that did not allow defendants to attack their pleas based on extrinsic grounds when they claimed actual innocence. On further review, we overrule our cases holding that defendants may only attack the intrinsic nature-the voluntary and intelligent character-of the pleas. We now hold the Iowa Constitution allows freestanding claims of actual innocence, so applicants may bring such claims to attack their pleas even though they entered their pleas knowingly and voluntarily. Accordingly, we adopt a freestanding claim of actual innocence that applicants may bring under our post-conviction-relief statute." Id.  Thus, the Supreme Court of Iowa held that "freestanding claims of actual innocence permitted by the Iowa Constitution are available to applicants even though the pled guilty. The court grounded the actual innocence exception in two provision of the Iowa Constitution: (1) "Article I, section 9 of the Iowa Constitution, prohibit[ing] the deprivation of liberty without due process of law": and (2) "Article I, section 17 of the Iowa Constitution, prohibit[ing] cruel and unusual punishment. However, Schmidt also recognized a claim of actual innocence was limited. Id. An applicant must show "by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant." Id. Schmidt adopted this demanding standard because "an applicant bringing a freestanding claim of actual innocence is claiming he or she is factually and actually innocent, despite a fair, constitutionally compliant trial or plea colloquy free of constitutional defects." Id. The demanding standard also balance[d] the interest of an innocent defendant and that of the State." Id. In particular, the standard balanced the liberty interest of a factually innocent person to be free from conviction and criminal sanction against the State's interests in finality and the conservation of judicial resources. In the present case, the February 28, 2020, District Court ruling on Taylor's PCR

applications does not explicitly address Taylor's claim of actual innocence under the

Schmidt test and standard. This is an error, as it was stated in the Summary Judgment

Hearing that it was one of Taylor's claims for trial. Unlike the defendant in <u>Schmidt</u>, Taylor

never admitted guilt to the crimes which he was charged or the crimes which he was

ultimately sentenced to instead, he entered into an Alford plea. An Alford plea is different

from a guilty plea in that when a defendant enters an Alford plea, he does not admit

participation in the acts constituting the crime. Rather, the Defendant declares that he is

choosing to plead guilty to a lesser charge instead of facing trial on a greater charge because

of the available evidence makes conviction likely, not because he admits he committed the

charged crime. Id. Thus, unlike a typical guilty plea, when a defendant enters an Alford

plea, there are no in-court admissions for the court to rely on to establish a factual basis.

Instead, we look to the rest of the record including the minutes of testimony to see whether

sufficient facts were available to justify counsel in allowing a plea and the court in

accepting it. Id. Importantly, when accepting a guilty plea. "cases do not require that the

district court have before it evidence that the crime was committed beyond a reasonable

doubt, but only that there be a factual basis to support the charge. While this is true for both

a Guilty Plea and an Alford Plea, the defendant entering a straight guilty plea generally

admits to the underlying facts for his plea as part of the in-court colloquy, whereas a

defendant who enters an Alford plea maintains his lack of involvement, admitting only that

there might be sufficient evidence, which, if believed, would allow a jury to find him guilty.

Thus, Taylor, since the inception of this case, has maintained his innocence. In fact, he tried

to undo his Alford Plea within two (2) weeks of the District Court accepting his plea. Trial

Counsel Mr. Williams did not present any evidence to the district Court to help Taylor

Taylor #6378301

present his innocence argument. In furtherance of his argument of actual innocence, Taylor

produced the same exculpatory evidence via exhibits in this PCR trial that showed his

innocence of the crimes in which he entered an Alford Plea. In PCR Exhibit 1: The

Documents shows Taylor's dental records. Taylor's PCR Exhibit 2. Shows DNA records.

Both of these exhibits presented in the PCR trial go to show that the minutes of Testimony

relied upon by the District Court in accepting Taylor's Alford plea were not accurate and

could not be relied upon as the factual basis for the plea. In Schmidt, the Iowa Supreme

Court explained that the statute set a "policy that the State should not incarcerate actually

innocent people if DNA evidence exonerates them, regardless of their pleas. The Court in

Dewberry agreed in that "DNA exoneration goes to factual innocence—i.e., whether a crime

was committed, and if so, who committed it." See also Schmidt "We see no reason why we

should treat people exonerated by DNA evidence differently from people exonerated by

other reliable means." Therefore, the PCR Trial Court should have addressed the Schmidt

test in the final Order and is in error. Further, Taylor has presented enough evidence to

show actual innocence in addition to his Alford plea under the Schmidt test.

    b. If you did not exhaust your state remedies on Ground One, explain why. N/A

    Direct appeal of Ground Four: N/A

  a.  Post-Conviction Proceeding:

      (1) Did you raise this issue through a post-conviction motion or petition for habeas
          corpus in a state court? Yes.

      (2) If your answer to Question (d)(1) is "yes" state: Iowa

      a)  Type of motion or petition: Post-Conviction Relief (#3)

Taylor #6378301

b) Name and location of the court where the application, motion or petition was filed:

Buena Vista County District Court. 215 East 5th Street, Storm Lake, Iowa 50588

c) Docket or Case No. PCCV031579

d) Date of court's decision: February 28, 2020

e) Result: The District Court denied the application.

(3) Did you receive a hearing on your motion or petition? Yes.

(4) Did you appeal from the denial of your application, motion or petition? Yes.

(5) If your answer to Question (d)(4) is "yes" did you raise this issue in the appeal? Yes.

(6) If your answer to Question (d)(4) is "yes," state: Iowa

a) Name and location of the court where the appeal was filed:

Iowa Supreme Court of Appeals: 1111 Court Street. Des Moines, Iowa 50319

b) Docket or Case No. S Ct. 20-0475

c) Date of court's decision: March 3, 2021

d) Result: The Iowa Supreme Court affirmed the District court's ruling.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

**Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, ect) that you have used to exhaust your state remedies on Ground Four:

**GROUND FIVE:**

**a. Sporting FACTS** (Just state the specific facts that support your claim.):

Trial Counsel Mr. Steven Goodlow never filed an amendment to Taylor's pro se PCR application. Counsel failed to file resistance to the State's Motion to dismiss. Despite the dismissal hearing being continued multiple times for Goodlow to be brought up to speed.

Taylor #6378301

Goodlow did not make any argument and only filed a letter from Taylor as exhibit. (Dismissal Transcript). The whole dismissal hearing lasted seven minutes on August 24, 2020. Attorney Goodlow did not cite the Allison case, he failed to argue that a final adjudication had not been reached as to the lack of voluntariness of the guilty plea because PCR Appellate Counsel Smith prepared an Application for Further Review but never filed it. This case can be distinguished from Goode v. State, which held that ineffective assistance of PCR counsel could not be raised for the first time on appeal and had to be filed separately in a new PCR application. Taylor is distinguishable because the ineffective assistance rises to the level of a structural error. If structural error is present, it renders the underlying criminal proceeding is so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice. There are two types of structural error, the first is when a person is actually or constructively denied counsel at a crucial state of the proceeding. The second is when counsel does not place the prosecution's case against meaningful adversarial testing. In this case, Goodlow failed to provide Taylor with meaningful adversarial representation. Because the PCR trial counsel's representation was so deficient, this constitutes structural error and no showing of prejudice is required.

b. If you did not exhaust your state remedies on Ground One, explain why: N/A

c. Direct Appeal of Ground Five: N/A

d. Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction, motion or petition for habeas corpus in a State trial court? "Yes'

(2) If your answer to question (d)(1) is "yes," state: Iowa

Taylor #6378301

a)  Type of motion or petition: Post-Conviction Relief (4)

b)  Name and location of the court where the motion or petition was filed:

Buena Vista District Court 215 E.5th, Street, Storm Lake, Iowa 50588

c)  Docket or Case No.: PCCV033452

d)  Date of the Courts decision: October 14, 2020

e)  Result: Taylor's application was dismissed because Taylor's claims were time barred and had been adjudicated prior.

(3) Did you appeal from the denial of your motion or petition? Yes.

(4) If your answer to Question (d)(4) is "yes" did you raise this issue in the appeal? Yes.

(5) If your answer to Question (d)(4) is "yes' state: Iowa

a)  Name and location Name and location of the court where the appeal was filed:

Iowa Supreme Court of Appeals: 1111 Court Street. Des Moines, Iowa 50319

b)  Docket or Case S. Ct. No 20-1388

c)  Date of court's decision: January 12, 2022

d)  Result: The Iowa Supreme Court of appeals affirmed the district court's dismissal of Taylor's fourth application as untimely and do not need to address the other issues raised.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

**Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, ect) that you have used to exhaust your state remedies on Ground Four:

**GROUND SIX**:

a)  **Sporting FACTS** (Just state the specific facts that support your claim.):

The arguments raised within this application relates back to the original post-conviction proceedings. (1) The District Court erred in dismissing the post-conviction application as untimely. (2) Trial counsel was ineffective for allowing Taylor to plead guilty when his guilty plea was not made knowingly, intelligently and voluntary. (3) PCR appellate counsel was ineffective for failing to file application for post-conviction review with the Iowa Supreme Court. (4) Post-Conviction counsel rendered ineffective assistance to Taylor, resulting in structural error.

a) If you did not exhaust your state remedies on Ground One, explain why.

b) Direct appeal of Ground Five. N/A

c) Post-conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state court? Yes.

(2) If your answer to question (d)(1) is "yes" state: Iowa.

a) Type of motion or petition: Post-Conviction Relief (#4)

b) Name and location of the court where the application, motion or petition was filed: Buena Vista County District Court. 215 East 5th Street, Storm Lake, Iowa 50588

c) Docket or Case No. PCCV033452

d) Date of court's decision: October 14, 2020

e) Result: Taylor's application was dismissed because Taylor's claims were time barred and had been adjudicated prior.

(3) Did you receive a hearing on your motion or petition? No.

(4) Did you appeal from the denial of your motion or petition? Yes.

(5) If your answer to Question (d)(4) is "yes" did you raise this issue in the appeal? Yes.

Taylor #6378301

(6) If your answer to Question (d)(4) is "yes" state: Iowa.

a) Name and location of the court where the appeal was filed:

Iowa Supreme Court of Appeals: 1111 Court Street. Des Moines, Iowa 50319

b) Docket or Case S. Ct. No 20-1388

c) Date of court's decision:  January 12, 2022

d) Result: The Iowa Supreme Court of appeals affirmed the district court's dismissal of

Taylor's fourth application as untimely and do not need to address the other issues raised.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not

raise this issue: N/A

**Other Remedies**: Describe any other procedures (such as habeas corpus, administrative

remedies, ect) that you have used to exhaust your state remedies on Ground Five:

**GROUND SEVEN**:

a) Sporting FACTS (Just state the specific facts that support your claim.):

Applicant was denied effective assistance of counsel in the following respects:

(1) Taylor's trial counsel, Williams misinformed him of the law relating to

withdrawal of an Alford Plea and (2) Taylor's trial counsel, Williams failed to

prepare for trial by not securing DNA evidence and dental records. Additionally,

more issued were added through amendment to Taylor's PCR application which

included the following: Ineffective assistance of counsel claims: (3) failure to

adequately advise defendant of his rights and consequences of his Alford plea,

(4) failure to ensure that the Alford Plea was entered knowingly and voluntarily,

(5) failure to properly advise the defendant that he would be able to withdraw his

Alford Plea, (6) failure to present sufficient evidence in support of the Motion in

Arrest of Judgment, (7) failure to adequately investigate and prepare for trial by failing to follow through with testing of relevant evidence in a timely manner.

1) If you did not exhaust your state remedies on Ground One, explain why:

2) Direct appeal of Ground Six: N/A

3) Post-Conviction Proceedings:

4) Did you raise these issues through a post-conviction motion or petition for habeas corpus in a state trial court? Yes.

21. If your answer to Question (d)(1) is "yes" state: Iowa

   a) Type of motion or petition: Post-Conviction Relief (#4)

   b) Name and location of the court where the application, motion or petition was filed: Buena Vista County District Court. 215 East 5th Street, Storm Lake, Iowa 50588

   c) Docket or Case No. PCCV034098

   d) Date of court's decision: Unknown

   e) Result: The District court dismissed the application.

   (1) Did you receive a hearing on your motion or petition? No.

   (2) Did you appeal from the denial of your motion or petition? No.

   (3) If your answer to Question (d)(4) is "yes" did you raise these issue in the appeal? N/A

   (4) If your answer to Question (d)(4) is "yes" state: N/A

   (5) If your answer to Question (d)(4) or Question (d)(5) is "no" explain why you did not raise these issues. Taylor exhausted all of his State remedies within the last PCR application. Therefore, Taylor withdrew from this application.

b) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, ect) that you have used to exhaust your state remedies on Ground Six:

Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest State Court having jurisdiction? Yes.

If your answer is "No" state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

(b) Is there any ground in this petition that has not been presented in some State of federal Court? If so which ground or grounds have not been presented, and State your reasons for not presenting them: N/A

(c) Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes

(d) If "yes" state the name and location of the court,

1) United States District Court

2) Docket or Case No: FECR041280

3) Date of filing: January 9, 2017

4) Nature of the proceeding: **Writ of Habeas**

5) Citation to the case: Taylor v. State, C17-3007-LTS (N.D. Iowa 2017)

6) Result: The habeas corpus was dismissed because, Taylor did not exhaust his State remedies at the State level. Taylor was procedurally defaulted since PCR counsel Mr. Andrew Smith failed to seek further review in Taylor, 2016 WL4801657

7) Date of result: May 19, 2017 A

Taylor #6378301

Do you have any petition or appeal now pending (filed and not decided yet) in any court, either State or federal, for the judgment you are challenging? No.

If yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mr. Michael K. Williams, 600 Benson Bldg., Sioux City, Iowa 51101

(b) At arraignment and plea: Mr. Michael Williams, 600 Benson Bldg., Sioux City, Iowa 51101

(c) At Trial: Mr. Michael Williams, 600 Benson Bldg., Sioux City, Iowa 51101

(d) At Sentencing: Mr. Michael Williams, 600 Benson Bldg., Sioux City, Iowa 51101

(e) On first appeal: Mr. Dennis D. Hendrickson, Appellate Defendant, Second floor, Lucas Bldg.
   Des Moines, Iowa 50319

(f) On second appeal: Ms. Pamela Wingert, 1212 18th street, Spirit Lake, Iowa 51360

(g) On any post-conviction proceedings: The names of the five attorneys are as follow.

   1. Mr. Andrew Smith, 316 East 6th Street, Storm Lake, Iowa 50508

   2. Ms. Ashley Beisch 214 W. Walnut, P.O. Box 190, Ogden, Iowa 50212

   3. Ms. Jennifer Bennett, 113 N. 6th street, Estherville, Iowa 51334

   4. Mr. Steven Goodlow, Estherville, Iowa 51334

   5. Mr. James A. Schall, 617 Lake Ave, P.O. Box 1052 Storm Lake, Iowa 50588

Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? No.

Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? No.

Taylor #6378301

Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? No.

TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

Therefore, the petitioner asks that the Court grant the following relief: or any other relief to which petitioner may be entitled.

I, Ron Taylor (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 29 day of December 2020

_____,

**Ron Taylor #6378301**
**Newton Correctional Facility**
**P.O. Box 218**
**Newton, Iowa 50208**

In Forma Pauperis Declaration

_____,

[Insert appropriate court]

## IN THE IOWA DISTRICT COURT FOR BUENA VISTA COUNTY

1) Trial Information: (November 7, 2011, FECR041280)

2) Minutes of Testimony: (November 7, 2011, FECR041280)

3) Order for Court Appointed Attorney: (November 8, 2011, FECR041280)

4) Written Arraignment and plea of not guilty: (November 14, 2011, FECR041280)

5) Partial waiver of speedy trial (December 1, 2011, FECR041280)

6) Amended Minutes of Testimony: (February 17, 2012, FECR041280)

7) Ruling on Defendant's Motion to Continue Trial, (February 20, 2012 FECR041280)

8) Ruling on State's Notice of Intent to Offer Evidence under Iowa Code § 701.11, (March 13, 2012, FECR041280)

9) Application to amend trial information: (March 15, 2012, FECR041280)

10) Written plea of guilty Count I and Count II: (March 16, 2012, FECR041280)

11) Order accepting plea, set sentencing and Order PSI: (March 15, 2012, FECR041280)

12) Motion to Withdraw Alford plea: (March 30, 2012, FECR041280)

13) Motion in Arrest of Judgment: (April 9, 2012, FECR041280)

14) Order denying Defendant's Motion to Withdraw Alford Plea: (May 2, 2012 FECR041280

15) Order denying Defendant's Motion in Arrest of Judgment, (July 12, 2012, FECR041280)

16) Order for Judgment Count I & Count II (July 30, 2012 FECR041280)

17) Notice of Appeal: (July 30, 2012, FECR041280)

18) Appeal Dismissed Order: (May 24, 2012, FECR041280)

19) Procedendo Order: (May 24, 2013, FECR041280)

20) Application for Post-Conviction Relief: (April 15, 2013, PCCV028348 #1)

21) Proposed Amendment to Application for Post-Conviction: (July 18, 2013, PCCV028348)

Taylor #6378301

22) Proposed Amendment to Application for Post-Conviction: (March 5, 2015, PCCV028348

23) Dismissal of Post-Conviction Relief: (August 28, 2015, PCCV028348)

24) Post-Conviction Relief Transcript of Trial: (May 21, 2015, PCCV028348)

25) Notice of Appeal: (September 1, 2015, PCCV028348: S. Ct. No 15-1493)

26) Applicant's Brief: December 16, 2015, (PCCV028348)

27) Appeal Dismissed Order (October 11, 2016, PCCV028348)

28) Procedendo Order: (October 11, 2016, PCCV028348: S. Ct. No 15-1493)

29) Application for Post-Conviction Relief: (September 20, 2017, PCCV031579 #2)

30) Proposed Amendment to App. for Post-Conviction: (December 28, 2017, PCCV031579)

31) Application for Post-Conviction Relief: (January 8, 2018, PCCV031785 #3

32) Motion to dismissed (January 12, 2018, PCCV031785)

33) Ruling on Application's Motion for ruling regarding failure to present evidence. (May 2, 2018, PCCV028348 & PCCV031785)

34) Motion for Summary Judgment: (June 13, 2018, PCCV031579)

35) Motion to Amend Post-Conviction Application & Attachment: (July 5, 2018, PCCV031579)

36) Resistance to Motion to Amend & Attachments (July 5, 2018, PCCV031579)

37) Summary Judgment Hearing Transcript: (July 6, 2018, PCCV031579)

38) Order on Motion for Summary Judgment-Denied: (October 31, 2018, PCCV031579)

39) Order Consolidating Cases: (October 31, 2018, PCCV031579)

40) Motion to Reconsider and Enlarge findings November 7, 2018, PCCV031579)

41) Resistance to Motion to Dismiss: (November 8, 2018, PCCV031579)

42) Motion to Amend Post-Conviction: (November 26, 2018, PCCV031579)

Taylor #6378301

**43)** Resistance to Motion to Amend. (November 29, 2018, PCCV031579)

**44)** Response to Motion to Reconsider and Enlarge: (December 15, 2018, PCCV031579)

**45)** State's Trial Brief: (January 23, 2019, PCCV031579)

**46)** Ruling on Applicant's multiple Motions to Amend Post-Conviction Relief Application: (January 24, 2019, PCCV031579)

**47)** Ruling on Respondent's Motion to Reconsider and Enlarge findings: (January 24, 2019, PCCV031579)

**48)** Ruling on Motion-Change venue, and discovery. (January 24, 2019, PCCV031579)

**49)** Ruling on Motion to dismiss: (January 24, 2019, PCCV031579)

**50)** Motion for Leave to amend answer: (August 16, 2019, PCCV031579)

**51)** Order Granting Motion to Amend answer: (August 26, 2019, PCCV031579)

**52)** Post-Conviction Relief Transcript of Trial: (December 4, 2019, PCCV031579)

**53)** Applicant's Brief: December 18, 2019, PCCV031579)

**54)** State's Brief: (December 19, 2019, PCCV031579)

**55)** Ruling on Application for Post-Conviction: (February 28, 2020, PCCV031579)

**56)** Notice of Appeal: (March 12, 2020, PCCV031579 S Ct. No. 20-0475)

**57)** Application for Post-Conviction Relief: (March 17, 2020, PCCV033452)

**58)** Dismissal of Post-Conviction: (October 14, 2020, PCCV033452)

**59)** Notice of Appeal: Unknown) PCCV033452) (S. Ct. 20-1388)

**60)** Appeal Dismissed Order: (January 12, 2022, PCCV033452: S. Ct. No 20-1388)

**61)** Order denying the further review March 8, 2022 (S. Ct. 20-1388)

**62)** Application for Post-Conviction Relief: (PCCV034098)

**63)** Dismissal of Post-Conviction: Unknown:

**States Exhibits:**

1. Exhibit A--Transcript of Hearing on Application

2. Exhibit B—Transcript of Proceedings Motion to Withdraw Alford Plea.

3. Exhibit C—Transcript of Hearing

4. Exhibit D—Transcript of Proceedings.

5. **Applicant's Exhibits:**

6. Exhibit 1—Dental Release (May 11, 2012)

7. Exhibit 2 DNA Reports (November 29, 2011)

8. Exhibit 3 Medical Examiner's Report (October 12, 2011)

9. Exhibit 4 Seat Report (April 21, 2012)

10. Exhibit 5 Plea-Taking Transcript (March 15, 2012)

11. Exhibit 6 Plea Agreements 1 & 2 (March 16, 2012)

12. Exhibit 7—Transcript of Proceedings Motion to withdraw Alford Pleas (May 9, 2012)

13. Exhibit 8—Transcript of Proceedings. (July 30, 2012)

Taylor #6378301

P.O. Box 218
Newton Iowa 50208

US POSTAGE — PITNEY BOWES

ZIP 50208  $ 009.55⁰
02 4N
0000366156 JAN 04 2023

Clerk of U.S. District Court
Southern Judicial District
123 E. Walnut
P.O. Box 9344
Des Moines, Iowa

50319